WILLIAM H. MARTIN *vs.* CITY OF PORTLAND.

Cumberland.    Opinion February 5, 1889.

*Tax.    Broker.    Shop.    Store.    R. S., c. 6, § 14, par. 1.*

The plaintiff, an inhabitant of another town April 1, 1885, was taxed for personal property by the defendant town, where he was a cotton broker, engaged in buying and selling cotton. He occupied a desk, and desk room there which he rented. He kept his account books and papers in the desk; received and answered his correspondence there; received samples of cotton, but made no sales there; kept no goods there other than the samples sent him by mail, which he never exhibited there for sale. He made his sales

by taking his samples and exhibiting them to the purchasers at their places of business outside of the defendant town. A part of the payments was made by notes through the mail to his place of business, and a part was made at the places of sale. He had a large quantity of cotton stored in three warehouses in the defendant town, paying storage thereon, from which houses cotton was shipped after sale; but he had no direction or control over the warehouses. He was not an agent for any one in making the sales. *Held*, upon these facts, that the plaintiff did not occupy a store or shop within the meaning of R. S., c. 6, § 14, par. 1, and was therefore not liable to the tax.

AGREED STATEMENT. Assumpsit to recover taxes assessed upon the plaintiff, by the city of Portland, for the municipal year 1885, and paid under protest. The facts appear in the opinion. The court were to render judgment in accordance with the legal rights of the parties.

*S. C. Strout, H. W. Gage and F. S. Strout*, for plaintiff.

Plaintiff taxed as non-resident, burden of proof is on defendant to show case falls within clause 1, § 14, c. 6, R. S.

Kind and nature of property taxed, not stated in the lists. Non-residents not required to furnish lists. If not stated, plaintiff may be compelled to pay taxes twice, on same property, in different towns, in violation of Art. 9, § 8, Const. Taxes shall be apportioned and assessed equally. *Brewer Brick Co.* v. *Brewer*, 62 Maine, 62, 73. List and valuation indispensable. *Thurston* v. *Little*, 3 Mass. 429, 433; *Lorrey* v. *Millbury*, 21 Pick. 64, 67.

Tax "as agent" invalid. No authority under statute for it. Assessments legal only by statute. *Fairfield* v. *Woodman*, 76 Maine, 551; *Hooper* v. *Emery*, 14 Id. 375. Must comply with statute. *Haynes* v. *Fuller*, 40 Maine, 162; *Savage* v. *Holyoke*, 59 Id. 345, 346. Personal property to be taxed to owner. Taxed to plaintiff as agent, assumes he is not owner. If legally assessed, plaintiff may, here, be compelled to pay tax on another's property.

Plaintiff did not occupy a store or shop. Occupation, is the essential thing. *Ellsworth* v. *Brown*, 53 Maine, 519, 522. Warehouses, not "stores, shops, etc." *Hittinger* v. *Westford*, 135 Mass. 259; *Desmond* v. *Machiasport*, 48 Maine, 478, 480; *Lee* v. *Templeton*, 6 Gray, 579, 584, (wharfage); *Campbell* v. *Machias*, 33 Maine, 419; *Stockwell* v. *Brewer*, 59 Maine, 286, 289. Not taxable in

Portland because "stored" there. *Loud* v. *Charlestown*, 103 Mass. 278; *Huckins* v. *Boston*, 4 Cush. 543; *Charlestown* v. *Com.*, 109 Mass. 272.

Only remedy, by suit. *Preston* v. *Boston*, 12 Pick. 7. Assumpsit proper form of action. *Briggs* v. *Lewiston*, 29 Maine, 472.

*Symonds and Libby*, for defendants.

Question of sufficiency of assessment not open to plaintiff. List and valuation not required, where persons fail to bring in to assessors their lists. *Noyes* v. *Hale*, 137 Mass. 266.

There was actual occupation of an office, personally, and of storehouses through agents within the true definition of the statute words "store or shop." Contrary construction would defeat the object of the statue. Cases cited by plaintiff are different, in the facts, from case at bar. Plaintiff's only place of business, in Portland, where all his goods are on deposit. Traffic in Portland, not merely incidental to manufacturing. He was a Portland merchant living out of town, having his stock in trade, business, and place of business in town. *Hittinger* v. *Boston*, 139 Mass. 17; *Boston Loan Co.* v. *Boston*, 137 Id. 332.

Plaintiff in reply. *Noyes* v. *Hale*, *supra*, applies only to residents.

LIBBEY, J. This case comes up on an agreed statement of facts, and the deposition of the plaintiff is made a part of the statement. All the material facts stated in the deposition must, therefore, be taken as true.

In 1885, the plaintiff was an inhabitant of Cape Elizabeth, and for that year the city of Portland assessed two taxes against him: one against him as individual of $105, on "personal property, valued at $5,000;" the other against him as agent of $210 on "personal property, valued at $10,000." Warrants were duly issued against the plaintiff for each tax, and delivered to the constable of Portland for service, who on the fifth day of Nov. 1885, arrested the plaintiff, and to relieve himself from arrest he paid the taxes and costs. The sums paid for the taxes were paid into the city treasury.

This action is brought to recover back the sums paid, on the ground that the plaintiff was not legally taxable in Portland.

By R. S., c. 6, § 13, the plaintiff was taxable for all his personal property, in Cape Elizabeth, unless within one of the exceptions named in § 14. To sustain the tax in Portland it must appear that he was within one of the exceptions. The defendant claims that he was taxable under the first paragraph of § 14, which reads as follows, "all personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of April; *provided*, that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or ship-yard therein for the purpose of such employment;" on the ground that on the first day of April he occupied a store, or shop in Portland.

The material facts upon the question in contention are as follows: The plaintiff was a cotton broker, engaged in buying and selling cotton, and occupied a desk and desk room in No. 28, Exchange street, Portland, which he rented of one Allen. The room in which he had the desk was occupied for insurance offices. He kept his account books and papers in the desk; received and answered his correspondence there; received samples of cotton there; but he made no sale there, kept no goods there other than the samples sent him by mail, which he never exhibited there for sale. He made his sales by taking his samples and exhibiting them to the purchasers at their places of business outside of Portland. A part of the payments was made by notes through the mail to his place of business, and a part was made at the places of sale. He had a large quantity of cotton stored in three warehouses in Portland, paying storage thereon, from which houses cotton was frequently shipped after sale; but he had no direction or control over the warehouses. He was not agent for any one in making sales during that year.

We think upon these facts it cannot be held that the plaintiff occupied a store, or shop in Portland. The words "store" and "shop" must be construed according to the common meaning of the language. The appropriate meaning of "store" as used in our

statute, given by Webster is, "any place where goods are sold either by wholesale or retail." "Shop" as used in the statute can have no broader meaning. This is the meaning given to these words by the court in Massachusetts, in a statute similar to ours. *Huckins* v. *Boston*, 4 Cush. 543; *Hittinger* v. *Westford*, 135 Mass. 258.

Here, the plaintiff had merely a desk privilege, in a room, mostly occupied by others, as insurance offices. He kept no goods or merchandise which he sold, or exhibited for sale there. The case of *Huckins* v. *Boston, supra,* appears to cover this. The facts, in that case were quite as strong against the plaintiff as in this case, but the court say: "It is manifest from the statement of facts, in this case, that the plaintiff did not hire any store, shop, or wharf in the city of Boston. He had a privilege in a counting-room only for the transaction of his business; what goods he had in Boston, were in stores or shops, or on wharves hired or occupied by others and not by himself. But it does not appear that the plaintiff himself hired or occupied any store, shop or wharf in the city of Boston, and of course, therefore, was not liable to taxation there."

The plaintiff did not occupy the warehouses within the meaning of the statute. They were occupied by the owners who stored in them the plaintiff's cotton, as bailees. *Desmond* v. *Machiasport*, 48 Maine, 480.

It is not sufficient that the plaintiff carried on business in the city of Portland. It must be shown that he occupied one of the places named in the statute in which he employed his personal property in trade.

As this conclusion disposes of both taxes, it is unnecessary to discuss the question, whether he was legally taxed "as agent."

*Judgment for plaintiff.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.